Ruitin, Judge,
 

 after stating the case as above, proceeded as follows:
 

 Several objections are now made against the decree. One is that taken in the exception made below, namely, that there is no jurisdiction here against the executor of a deceased executor by a legatee, where a co-executor survives, unless there be collusion or insolvency of tlie surviving executor* 1 nat is not so in our opinion. It is true as to creditors of the testator. It is also true, where the legatee proceeds against a debtor to the testator. But this case is altogether dif-
 
 *118
 
 feretit from those. Money in the hands of the executor who died first is not, properly speaking, a debt to the estate, hut a part of the estate itself. The statute of-limitations does not run against it.
 
 (Bailey
 
 v.
 
 Shannonhouse, ante
 
 1
 
 vol.
 
 416.) It is true, the surviving executor may account with the representatives of the deceased executor, and receive payment. ■ This is necessary for the benefit of creditors, who can only sue the survivor. Such a payment will discharge the estate of the deceased executor from further responsibility for that sunt to any body ; because it has been made to him then entitled to the possession of the estate. But where one-executor is made liable to the legatee for the acts of his co-executor, as by a joint administration ; or has committed a
 
 devastavit;
 
 or has the effects in his hands at his death, and no account has been had therefor between his executor and the surviving executor, a legatee may by a suit, in which all arc made parties, call for the estate belonging to him, from whatever hand holds or is liable for it. It is a favorite principle of this court to follow the fund, wherever it is; and this for the benefit of him who is entitled to it; and also for the benefit of another, who is answerable for that fund, though not in his hands, as in the case of a joint administration. ¥e are therefore of opinion that the decree ought not to be reversed and the bill dismissed, as to
 
 Daniel Bate-man,
 
 on this ground. The trust upon which it was originally received attached to the estate, and passes with it to the executor of the executor, until it has been accounted for and paid over.
 

 A payment by the executor of one of two co-executors to the survivor will discharge the- estate of the deceased executor
 
 pro tanto.
 

 Legatees may in equity recover of the executor of a deceased executor and the surviving co-executor the funds in their hands respectively.
 

 Co-executors , who jointly administer are liable for each other’s acts.
 

 Another objection is, that the decree is against
 
 Daniel Bateman
 
 alone, who is the executor of
 
 Benjamin,
 
 without its being ascertained that
 
 Levi’s
 
 estate or his executors are insolvent, and when thp master states that no portion of
 
 John’s
 
 assets came to
 
 Daniel.
 
 The decree seems to have been pronounced in this respect upon the idea, that as the administration had been jointly conducted, the executors were liable for each other’s acts ; and being so liable, the legatee had aright to proceed jointly and severally against them, upon the footing of contract?
 
 *119
 
 at law. The first part of the proposition is correct. But the last is not the rule of this court. The course here is to do exact justice between all persons concerned; and hence where two are liable, in general both must be before the
 
 court;
 
 and in all cases, he who is primarily liable, and against him must be the decree for primary payment. For instance, at law a surety may be sued alone. But that cannot be done in equity. All the parties must be brought in. Again, equity may decree against a surety ; but never that he pay the debt in the first instance, nor even jointly with the principal; but only that if the creditor cannot raise it from the latter, then he may from the former. So as between co-executors, they may be jointly liable at law, but they are never so here. In this court, each is liable for what is in his own hands. It is true, he may also be liable for what is in the hands of the others ; but not jointly. He is not liable for the estate, as if in his own hands. He is only responsible for the other, and after him. They stand as reciprocal sureties for each other. Hence, although
 
 Benjamin’s
 
 estate may be ultimately responsible for what
 
 Levi
 
 had not administered, it is not so in the first instance. It is manifestly unjust that he should pay the debt of
 
 Levi,
 
 while the estate of the latter is well able to do it. If he did, what would be the effect ? Either
 
 Benjamin
 
 must lose it altogether, or begin another course of litigation with
 
 Item's
 
 executors to recover it, in which all the accounts in this cause must be retaken, besides an account of the administration, as between the executors themselves. This is another reason, why the decree is erroneous. For the very ground of requiring all to be made parties is, that the whole controversy may be settled in one suit.
 

 But upon an account of their administration, both are not •[‘íinlíy resPonsl' in the first in-jf^recei^ed'the fund is primarily only-case of his default'
 

 The reference therefore ought to have been extended, so as to take an account of the receipts and disbursements of th,e assets of the testator,
 
 John Bateman,
 
 by each of his executors, as between themselves, as well as the joint account which has been taken ; and also an account of the assets of
 
 Levi
 
 in the hands of his executors. As to such parts of the estate of
 
 John
 
 as are in the hands of
 
 *120
 
 each of bis executors, the decree ought in the first instance, to be against the executor of that executor, if he hath assets of his last testator. If indeed it cannot he thus satisfied, then the decree ought to require the estate of the other to pay it; because as the master finds a joint administration, (and no exception is taken to the report on that fact, or to any item of charge or disbursement, and the report was properly confirmed,) the legatees are to be paid at all events, if either execiitor be solvent. If the whole be found in
 
 Levi’s
 
 hands, then his estate ought to pay, if able. If in
 
 Benjamin’s,
 
 then the same rule applies to him. And here I will point out an inadvertence of the master, and a mistake in
 
 Daniel’s
 
 answer, as to the fact of the assets of
 
 John Bateman
 
 coming to
 
 Daniel’s
 
 hands. He may not have any
 
 now;
 
 but he expressly admits that
 
 Benjamin
 
 owed the estate g 85 85 at his death, which he says that he,
 
 Daniel,
 
 afterwards paid to two of the legatees. If indeed the accounts were kept between tire executors so loosely, as to make it impossible for the master to determine in the hands of which of them in particular the assets are, no other course is left, but to make each liable equally, that is, for one half in the first instance, and ultimately for the other half, if not obtained from the co-executor’s estate. For they stand as sureties for each other, for what may be found in their hands respectively ; and if that cannot he ascertained, then each is liable for one half himself, and as the surety of the other for the other half. So far then as the decree makes
 
 Daniel Bateman
 
 alone or primarily liable for the whole, it is, in the present state of the case, erroneous, and must he reversed with costs in this court; and the cause sent back with directions to make the additional inquiries herein mentioned, and thereupon proceed to a decree.
 

 Per Curiam. — Affirm the decree, so far as it establishes the right of the plaintiff to the sum of g 296 14, as the share of his intestate Eunice, in the estate of
 
 John Bateman,
 
 and reverse the residue of it by which the defendant,
 
 Daniel,
 
 is made primarily and solely liable therefor, and remand the cause with directions to enquire how
 
 *121
 
 much of said sum was in the hands of
 
 Benjamin
 
 and
 
 Levi Bateman
 
 respectively, in their life-time, and came to the hands of their respective executors ; and if any part thereof be found in the hands of
 
 Levi,
 
 or of his executors, the defendants,
 
 John
 
 and
 
 Harman,
 
 whether the assets of the said
 
 Levi
 
 are sufficient to answer the same, and if not, whether
 
 John
 
 and
 
 Harman
 
 are able to answer for any
 
 devastavit
 
 of the assets
 
 oí John,
 
 the elder, or
 
 Levi
 
 their testator, by them or either of them
 
 made;
 
 and also with directions, to take all other steps necessary to a final decision between all the parties, and direct that the plaintiff pay the costs of this court.
 

 '